IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46394

| | |
|---|---|
| In the Interest of:  John Doe, Jane Doe I, and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
|  | ) Filed:  December 12, 2018 |
| Petitioner-Respondent, | ) ) Karel A. Lehrman, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
|  | ) OPINION AND SHALL NOT |
| JANE DOE, | ) BE CITED AS AUTHORITY |
|  | ) |
| Respondent-Appellant. | ) ) |
|  | ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James S. Cawthon, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Ada County Public Defender, Anthony R. Geddes; Joshua M. Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Madison Miles, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights.  Doe argues the magistrate erred:  (1) in concluding the State proved the first two counts of the petition to terminate parental rights by clear and convincing evidence; and (2) by failing to analyze the best interest standard individually for each child.  The magistrate's judgment terminating parental rights is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the mother of three children.  The children were placed in the custody of the Idaho Department of Health and Welfare (Department) after a detective declared the children

1

were in imminent danger. The detective's investigation began after Doe reported one of her children was a victim of sexual abuse. During the investigation, Doe argued with the detective, impeded interviews, behaved erratically, and told the detective black mold in her home was causing her and her children health problems.

A social worker visited the home. Doe had gathered her and her children's belongings in the living room and partitioned off the house by hanging sheets to isolate the black mold from the living spaces. However, the social worker observed no mold in the home. Doe also told the social worker that spirits in the home bit the children and, because of a heating problem, she had taken the children to the emergency room to be checked for carbon monoxide poisoning. At the time, Doe was not employed, did not have a source of income, and was shortly thereafter evicted from her home. Afterwards, Doe was unable to maintain a source of income, employment, or housing.

Doe completed a psychological evaluation, but rejected the recommendations of the doctor who found Doe suffered from delusional disorder and mental health issues associated with childhood trauma. After a period of no communication with her case manager, Doe completed six counseling sessions but then stopped attending. Doe did participate in an intake appointment with a new counselor but never attended an appointment thereafter.

Doe's visitation with her children was problematic. She mistreated the children's foster parents, objecting to the foster mother's parenting by threatening to make sure the children were removed from the home, and making an unfounded allegation that the foster father had sexually abused one of her children. Based on this behavior, Doe was notified her visitation would end unless she re-engaged in mental health counseling. Doe did not re-engage in mental health counseling. Instead, she made prohibited contact with her children, showing up at their counseling sessions.

During the time the children were in foster care they became more active, talkative, curious, and outgoing. They made friends and pursued new interests and hobbies. They also enrolled in and attended school regularly and achieved good grades.

The Department filed a petition to terminate Doe's parental rights, alleging Doe: (1) was "unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious" to the children and that her "current psychological and/or mental health issues render her unable to accurately understand or meet her children's

2

needs"; (2) had neglected the children because her "psychological and/or mental health issues impair her ability to provide proper parental care and control"; and (3) had neglected her children because she "failed to demonstrate stability in housing, income, and/or mental health in order to provide for the children's daily needs." Doe did not appear at the termination hearing. The magistrate held that the State had proven all three counts by clear and convincing evidence and that it was in the children's best interests to terminate Doe's parental rights. Doe appeals to this Court.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v.*

3

*Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198,

4

358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

## III.

## ANALYSIS

Doe first argues the magistrate erred in concluding the State proved the first two counts of the petition to terminate parental rights by clear and convincing evidence. Doe contends the magistrate disregarded evidence that she participated in mental health counseling. The State argues that even if the magistrate erred on the first two counts, its holding on count three is an uncontested alternative ground upon which this Court must affirm the termination of Doe's parental rights.

> Where a judgment of the trial court is based upon alternate grounds, if the judgment can be affirmed on one of the grounds the fact that the alternative ground may have been in error is of no consequence and may be disregarded. To state this principle in another manner, this court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory.

*Fischer v. Fischer*, 92 Idaho 379, 382, 443 P.2d 463, 466 (1968). Here, Count 3 of the State's petition to terminate Doe's parental rights, which alleges Doe neglected her children by failing "to demonstrate stability in housing, income, and/or mental health in order to provide for the children's daily needs," is uncontested. On this ground alone, this Court can affirm the magistrate's judgment terminating Doe's parental rights.

Even if there were not an alternative ground upon which to affirm the magistrate's judgment, this Court would still affirm the magistrate's judgment because the magistrate did not err by holding the State had proven Counts 1 and 2 by clear and convincing evidence. The State provided evidence that Doe could not discharge her parental responsibilities and had neglected her children because her psychological and mental health issues impaired her ability to do so. Concerning Doe's mental health counseling, the magistrate found that even though Doe had completed six counseling sessions, she had stopped attending even after her visitation with the children became conditional upon her attendance. Thus, the magistrate explicitly considered Doe's participation in mental health counseling. Despite this, the magistrate found Doe's mental health problems manifested in many ways "resulting in conduct in which she places her needs above those of [her children] and their well-being."

5

Doe also argues the magistrate erred by failing to analyze the best interest standard individually for each child. Doe provides no authority for this proposition, nor does she show the magistrate did not consider each child's needs. To the contrary, the magistrate's analysis of the children's best interests names each child individually several times and references their individual successes in foster care. Doe fails to show the magistrate erred in its best interest analysis.

**IV.**

**CONCLUSION**

The magistrate's decision is upheld by an uncontested alternative ground--that Doe neglected her children by failing to demonstrate stability in housing, income, and/or mental health in order to provide for her children's daily needs. Even without the alternative ground, the magistrate did not err in holding the State had shown the first two counts of the petition had been proven by clear and convincing evidence--that Doe was unable to discharge parental responsibilities because of her psychological and/or mental health issues and that Doe had neglected the children because of her psychological and/or mental health issues. The magistrate also did not err in its best interest analysis. Therefore, the magistrate's judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.